UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                               In Bankruptcy

**PICHAN, DAVID L.,**                     Case No. 12-66246 WSD
**PICHAN, JO ANN,**                        Chapter 7
        Debtor(s)                           Hon. Walter Shapero.Detroit
_____/

**REPLY TO DEBTORS' OBJECTION TO APPLICATION FOR ORDER
APPROVING FIRST INTERIM FEES AND EXPENSES FOR THE
ATTORNEYS FOR THE TRUSTEE**

Schneider Miller, P.C., attorneys for Timothy J. Miller, Trustee states:

1.      Fees requested are in the amount of $9,800.00. Expenses requested are in the amount of $125.00. Fees accrued to date are in the total amount of $20,256.50. All accrued fees not requested at this time may be requested as part of a final fee application to be filed. The total case receipts are $38,498.45 and disbursements to date are in the amount of $4,022.42.

2.      Debtors filed an objection to the fee application.

3.      Debtors have failed to demonstrate how it is that they have standing to object to the fee application.

4.      Debtors' objection is a meritless and libelous attack on the Trustee.

5.      Debtors' statements are unaccompanied by affidavit or other objective proof.

6.      Debtors appear to be of the ilk where everyone but them are to blame for their financial misfortune. Now they have turned to the Trustee as the focus of their perceived systemic victimization. If the Debtors are to be believed, their financial failures are the fault of their lenders, their bankruptcy attorney, the purchasers of Debtors' foreclosed home, their business associates, and their creditors. Now, Debtors contend that the Trustee has mistreated them as well. To

understand the reason for the Debtors' lashing out, it is helpful to review the Debtors' past. A perusal of Debtors schedules indicate a paranoid and unjustified view of perceived wrongdoings, as evidenced by references to dubious potential causes of action in schedule B. The Trustee took the Debtors' assertions at face value and impartially investigated these "potential" claims and found them meritless. They are listed below:

>- **Possible law suit to recover lost revenue associated with a patent (design or provisional) against.**
>
>**Robert J. Cummings**
>**2820 NE 44th Street**
>**Lighthouse Point, FL 33064**
>
>**J & J Production Services**
>**153605 S. Commere Drive**
>**Dearborn, MI 48126**
>
>**and possible others**
>**Value Unknown**
>
>- **Possible law suit for damages against the following associated with a patent (design/provisional):**
>
>**Midway Products Group, Inc.**
>**One Lyman E, Hoyt Drive**
>**Monroe, MI 48161**
>**Value Unknown**
>
>- **Possible law suit against the following damages including but not necessarily limited to punitive damages, buisness tort, attorney fees and court costs.**
>
>**Education Plus Credit Union**
>**15470 S. Telegraph**
>**Monroe, MI 48161**
>**Value Unknown**

7. Debtors' own attorney will no longer tolerate Debtors' bizarre and irrational demands. Debtors' attorney apparently will no longer correspond with Debtors, and has indicated that he

will move to withdraw. Debtors apparently sought out other counsel, however no one has filed an appearance. Interestingly, Debtors list in their schedule of unsecured debts two law firm creditors with unpaid legal fees owed by Debtors totaling approximately $23,000.00. Debtors' bankruptcy counsel apparently also has unpaid legal fees in the thousands of dollars.

8. Debtors have a propensity for failing to pay lawfully imposed and liquidated tax debts. Debtors owe more than $77,000.00 to the Internal Revenue Service for various unpaid income tax and social security tax amounts. The amount owed is not for a single time period. Rather, the taxes owed are for each and every tax period from 2003 through 2010. A proof of claim is on file.

9. Debtors extracted a loan from a vulnerable acquaintance. A creditor, Ms. Jan Clay, appeared at Debtors' section 341 meeting and asked Debtors if they would repay the $14,000.00 she loaned them. Debtors acknowledged the legitimacy of the loan. Ms. Clay indicated that she needed to be repaid so that she could afford the cancer treatment medication she required. Ms. Clay asked if the Debtors intended to pay her back. Debtors answered and said yes, that their goal was to pay Ms. Clay. Debtors and their counsel agreed to meet with Ms. Clay after the 341 meeting was concluded and outside the presence of the Trustee. Despite the testimony, no reaffirmation agreement was filed. There is no other indication that Debtors accomplished their "goal". Other "personal" loans from individuals are indicated in schedule F, including four loans from separate individuals totaling $45,600.00. It is not known if these individuals were likewise vulnerable.

10. Debtors assert that the Trustee maintains a friendship with attorney Kenneth Butler, counsel for a creditor. There is absolutely no social relationship between the Trustee and Kenneth Butler. Both the Trustee and Kenneth Butler are long time practitioners in the bankruptcy court, and as such they recognize each other and converse about a variety of things. Debtors' insinuation that the Trustee somehow favored Kenneth Butler because of a personal friendship is untrue, irresponsible and sanctionable.

11. The Trustee successfully sold real property at an auction which was open to all bidders. Debtors attempted to upset the sale by filing a frivolous objection. A hearing on the

objection was scheduled. Just prior to the morning hearing on the objection, Debtors withdrew the objection, but only after the Trustee had made the 40 mile trip from his home to the courthouse. The sale order was entered and served. Debtors' resumed their obstructive behavior by filing a frivolous motion for reconsideration of the sale order, which was later denied for lack of prosecution.

12. Debtors state that their attorney has abandoned them for being unwilling to continue a fight with the Trustee and Debtors' creditor. Debtors' insinuate that the reason for being unwilling to fight is that they were told by their attorney that attorneys involved "vacation together, have children that play with each other, etc." The Trustee has not and does not vacation with Kenneth Butler, his family or anyone else associated with this matter. While Kenneth Butler may have children, the Trustee has never met them, and certainly the Trustee's children have never met them, let alone vacationed with them. Debtors' present a sense of innocence that is false and distorted. Debtors seem to believe that smearing the Trustee's good name (the Trustee has practiced in this court for 30 years without reproach) somehow behooves their interest. Debtors' statements are nothing less than appalling.

13. A restatement of the services rendered to this estate is appropriate. The nature of services provided relate to representation of the chapter 7 trustee in the investigation of a parcel of real property adjacent to the Debtors' former residence, and a comprehensive review of all of the Debtors' assets, business and personal financial transactions, liens, claims and indebtedness. Certain patent rights and potential lawsuits in favor of the Debtors were investigated. Debtors' amended their schedules on <u>three</u> occasions and the modifications were reviewed. Extensive records were requested, received and reviewed. A Bankruptcy Rule 2004 examination was conducted. During the pendency of the chapter 7, after it became apparent that the Trustee would sell the subject real property, Debtors sought relief in chapter 13 via a conversion of their case from chapter 7. A motion was filed and initially contested. Conversion took place on June 13, 2013. The chapter 13 phase was short-lived however. The case reconverted to chapter 7 on September 16, 2013. Applicant thereafter assisted in the sale of the subject vacant parcel. An initial offer in the amount of $8,000.00 was received. Applicant established an auction procedure that generated interest bidders. The Debtors objected to the Trustee's sale, though they lacked

standing. Debtors falsely asserted that the estate would not benefit. At the early morning hour prior to the hearing on the objection to the Trustee's sale, Debtors' withdrew their objection via a message from their counsel. The sale proceeded and the auction generated a high bid in the amount of $38,000.00. The Debtors thereafter filed a motion for reconsideration, but abandoned their efforts to upset the sale. The motion for reconsideration was denied for lack of prosecution.

WHEREFORE, Applicant prays for an award of the fees and expenses requested, and that sanctions be imposed against the Debtors for the costs and fees incurred by the Trustee in response to Debtors' frivolous objection.

DATE: September 7, 2014

*/s/ Timothy J. Miller, Attorney*
TIMOTHY J. MILLER (P36951)
Attorney for the Trustee
64541 Van Dyke Suite 101B
Washington, MI 48095
(586) 281-3764
tmiller@schneidermiller.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: | In Bankruptcy |
| **PICHAN, DAVID L.,** | Case No. 12-66246 WSD |
| **PICHAN, JO ANN,** | Chapter 7 |
| Debtor(s) | Hon. Walter Shapero.Detroit |
| _____/ | |

## CERTIFICATE OF SERVICE

Re:  Reply to Objection Application for Order Approving First Interim Fees and Expenses for the Attorneys for the Trustee, and Certificate of Service

I hereby certify that on September 7, 2014, I electronically filed the foregoing Paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to the Office of the United States Trustee and all those listed by the court as receiving electronic notices in this case from the court's CM/ECF system and further, that the foregoing was mailed with proper first class postage prepaid, to the following;

| | |
|---|---|
| David Pichan | JoAnn Pichan |
| 844 Cliffs Dr. 101D | 844 Cliffs Dr. 101D |
| Ypsilanti, MI 48198 | Ypsilanti, MI 48198 |

*/s/ Timothy J. Miller, attorney*
Timothy J. Miller (P36951)
Schneider Miller, P.C.
64541 Van Dyke Suite 101B
Washington, MI  48095
(586) 281-3764
tmiller@schneidermiller.com